Filing # 151514702 E-Filed 06/15/2022 08:27:00 AM

EXHIBIT A

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR ST. JOHNS COUNTY, FLORIDA

CASE NO:
DIVISION:

JAMES JOHNSTON, an Individual,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JAMES JOHNSTON, by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES EAST, LP, and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, JAMES JOHNSTON, is a natural person residing in Duval County, Florida.

3. At all times material to this action, Defendant, WAL-MART STORES EAST, LP., is a foreign corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, a foreign corporation, was the owner and in possession of that certain business located at 845 Durbin Pavilion Drive, St. Johns, Florida, 32259, St. Johns County Florida, open to the general public, including the Plaintiff herein.

5. On or about September 1, 2021, Plaintiff, JAMES JOHNSTON, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, JAMES JOHNSTON, was a lawful guest upon the premises of the Defendant, WAL-MART STORES EAST, LP a foreign corporation, who owed Plaintiff a non-delegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, WAL-MART STORES EAST, LP

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain their premises, lawn and garden department, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a slip and fall hazard on their premises, lawn and garden department, creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the premises, lawn and garden department, as specified above, to ascertain whether the area was free of hazards, which were poorly maintained, constituted a hazard to patrons utilizing said premises in the lawn and garden department, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger on their premises, lawn and garden department, when Defendant knew or through the exercise of reasonable care should have known that said premises' was in an unreasonably dangerous condition. Plaintiff was unaware of the unreasonably dangerous slime and/or water;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of their premises in the lawn and garden department, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the premises lawn and garden department area for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, operate, and/or control the premises lawn and garden department for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting the premises, lawn and garden department area for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

n) Negligently failing to maintain and provide a safe premises lawn and garden department within the subject premises;

10. As a result, while Plaintiff was visiting Defendant's business, he fell on slime and/or water substance on Defendant's premises at or near the lawn and garden department, and fell to the ground, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JAMES JOHNSTON, sues the Defendant, WAL-MART STORE'S EAST LP, a foreign corporation, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 15th day of June, 2022.

**MORGAN & MORGAN, P.A.**



Neil Gornto, Esquire
Florida Bar No.: 20916
Morgan & Morgan Jacksonville, PLLC
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary: ngornto@forthepeople.com
Secondary:
cgraham@forthepeople.com
Telephone: 904-944-8373
*Counsel for Plaintiff*